IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAFAEL RIVAS, ) | No. C 06-04567 JW (PR) |
| Petitioner, ) | |
| vs. ) | ORDER TO SHOW CAUSE |
| THOMAS FELKER, Warden, ) | |
| Respondent. ) | |

Petitioner, a California inmate at the High Desert State Prison in Susanville, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his state conviction. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, petitioner pleaded no contest to one count of voluntary manslaughter (Cal. Pen. Code § 192, subd. (a)) and the use of a firearm (Cal. Pen. Code § 12022.5). Petitioner claims that his negotiated plea included the dismissal of a murder charge and enhancement, and set a cap of his sentence to twenty-one years while maintaining the judge's discretion to sentence him to a lower

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.06\Rivas04567_osc.wpd

term. After considering aggravating and mitigating factors during the sentencing hearing, the court imposed upper terms for both charges, for a total term of twenty-one years in state prison.

Petitioner claims that he exhausted his state judicial remedies, and that his direct appeal was denied by the California Supreme Court sometime in 2005. He filed the instant federal habeas petition on July 27, 2006.

## DISCUSSION

A.  <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B.  <u>Legal Claims</u>

Petitioner claims that the trial court violated his Sixth Amendment right to a jury trial when it imposed terms beyond the statutory maximum for the charges of voluntary manslaughter and gun use by relying exclusively upon facts neither admitted in petitioner's plea nor submitted to a jury for determination whether such facts were true beyond a reasonable doubt. Liberally construed, petitioner's claim appears cognizable under § 2254 and merits an answer from respondent

## CONCLUSION

For the foregoing reasons and for good cause shown,

1.  The clerk shall serve by certified mail a copy of this order and the

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.06\Rivas04567_osc.wpd         2

petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must also keep the court and all parties informed of any change of address.

DATED: June 7, 2007

JAMES WARE
United States District Judge

Order to Show Cause
P:\PRO-SE\SJ.JW\HC.06\Rivas04567_osc.wpd

3